**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MONICA BIFALCO,

                Plaintiff,

         v.

HARVEST BUFFET,

                Defendant.

Civil Action No. 14-4207 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

        Pro se Plaintiff Monica Bifalco ("Plaintiff") moves for default judgment against Defendant Harvest Buffet ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2) following the Clerk's entry of default. (ECF No. 14.)  Defendant moves to vacate and set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c).  (ECF No. 18.)  Plaintiff did not oppose Defendant's motion.  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's motion for default judgment is denied, and Defendant's motion to vacate the entry of default is granted.

**I.**    **Background**

        This is an action for hiring discrimination on the basis of race.  Plaintiff alleges that while dining at the restaurant, she approached Defendant's representative on several occasions in an attempt to apply for a position as a server.  (2d Am. Compl., ECF No. 11.)  Plaintiff claims that in response to her inquiries, Defendant's representative took her telephone number and stated that he would contact her if Defendant was hiring.  (*Id*.)  Plaintiff alleges that Defendant failed to contact

her because she is not Asian. (*Id.*)  Plaintiff seeks relief in the form of either employment or compensatory damages. (*Id.*)

Plaintiff filed her original Complaint on June 30, 2016 (ECF No. 1), which the Court *sua sponte* dismissed with leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 2.)  Because Plaintiff's Amended Complaint "repeat[ed] the same allegations as those contained in her original complaint," the Court also dismissed the Amended Complaint pursuant to Section 1915(e)(2)(B)(ii), and granted Plaintiff leave to amend. (ECF. Nos. 7, 10.)  On December 10, 2015, Plaintiff filed her Second Amended Complaint, and ten days later the United States Marshals Service effected service on Defendant. (ECF Nos. 11, 13.)  Plaintiff subsequently requested that the Clerk enter default and default judgment against Defendant for failing to plead or otherwise defend the action pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 14.)  The Clerk entered default on the same date.  On May 25, 2016, Defendant filed a motion to vacate entry of default. (ECF No. 18.)  Plaintiff did not reply.

**II.**   **Legal Standard**

Motions to enter default judgment and vacate default are both governed by Federal Rule of Civil Procedure Rule 55. *See* Fed. R. Civ. P. 55(a)-(c).  Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  The decision to vacate a default is left to the sound discretion of the district court. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).  When deciding whether to vacate default, however, the court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United*

States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment . . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

III.   **Analysis**

All three factors weigh in favor of vacating default. With respect to the first factor, "[p]rejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr.*, No. 15-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) (quoting *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751, at *4 (D.N.J. Sept. 3, 2013)). Defendant argues that Plaintiff will not suffer prejudice as a result of vacating the entry of default because "[a]ll proofs available to Plaintiff at the time of the filing of the Second Amended Complaint remain available to her at this time." (Def.'s Moving Br. 3-6, ECF No. 18-1.) The Court agrees. Here, Plaintiff has not demonstrated that she will suffer prejudice in pursuing the claim if the Clerk's default is vacated. Accordingly, the Court is satisfied that Plaintiff will not suffer prejudice if the default is lifted.

As to the second factor, "[a] meritorious defense is established if the 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'" *Amboy Care Ctr.*, 2015 WL 4731751, at *2 (quoting *Perry v. Bruns*, No. 11-2840, 2013 WL 1285302, at *6 (D.N.J. Mar. 26, 2013)). Defendant asserts six affirmative defenses to Plaintiff's

3

Second Amended Complaint. (Def.'s Proposed Answer 4, ECF No. 18-2.) "[T]he allegations of [Defendant's] proffered answer, if established at trial, may constitute a complete defense to the action." *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 870 (3d. Cir. 1984)).   Therefore, although the Court does not judge the validity of these defenses, "it is sufficient that [Defendant's] proffered defense is not 'facially unmeritorious.'" *Id.* (quoting *Gross*, 700 F.2d at 123).

With respect to the final factor, "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Florence Mining Co.*, 732 F.2d 1178, 1182 (3d Cir. 1984).   Defendant states that it believed Plaintiff's Second Amended Complaint would also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Defendant "upon service of the most recent iteration of the Complaint and seeing no new facts alleged, believed that the Court would again dismiss the Complaint on its own initiative and so neglected to follow the matter." (Def.'s Moving Br. 5, ECF No. 18-1.)   Thus, Defendant argues that its behavior was merely negligent, and therefore, it is not culpable. (*Id.* 3-6.)   Although Defendant should have remained abreast of the developments in an action pending against it, the Court is satisfied that Defendant's actions were not willful or in bad faith.

Because all three factors weigh in favor of vacating default, the Court grants Defendant's motion to vacate the entry of default.   Defendant shall file a responsive pleading within fourteen (14) days of the date of this Order.

## IV.   <u>Conclusion</u>

For the reasons set forth above, Plaintiff's motion for default judgment is denied, and Defendant's motion to vacate and set aside the entry of default is granted.   An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** October 25, 2016