**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MONICA BIFALCO,

        Plaintiff,

v.

HARVEST BUFFET,

        Defendant.

Civil Action No. 14-4207 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    Pro se Plaintiff Monica Bifalco ("Plaintiff") brings this action against Defendant Harvest Buffet ("Defendant") alleging hiring discrimination on the basis of race. (2d Am. Compl., ECF No. 11.) The Court previously granted Plaintiff *in forma pauperis* status. (July 7, 2014 Order, ECF No. 2.) At this time, the Court must review the Second Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (stating that where a plaintiff is proceeding *in forma pauperis*, a court may *sua sponte* dismiss an action if the complaint "fails to state a claim on which relief may be granted"). Here, the Court finds that Plaintiff's Second Amended Complaint fails to conform to Rule 8(a) of the Federal Rules of Civil Procedure requiring "a short and plain statement of the

claim." Furthermore, the Second Amended Complaint fails to state a claim upon which relief can be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Background**

Plaintiff filed her original Complaint on June 30, 2014 (ECF No. 1), which the Court *sua sponte* dismissed with leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (July 7, 2014 Order, ECF No. 2.) The July 7, 2014 Order stated that "Plaintiff may file an amended complaint that conforms to the Federal Rules of Civil Procedure no later than thirty (30) days from the entry of this Order." (*Id.*) Plaintiff did not file an amended complaint within thirty days of the July 7, 2014 Order.

By correspondence dated July 2, 2015, Plaintiff requested that this case be reopened. (ECF No. 5.) By order dated July 9, 2015, the Court granted Plaintiff's request to reopen the case, and ordered that "Plaintiff shall file an Amended Complaint that conforms to the Federal Rules of [Civil] Procedure no later than 30 days from the entry of this Order." (Text Order, ECF No. 6.) Because Plaintiff's Amended Complaint "repeat[ed] the same allegations as those contained in her original complaint," the Court also dismissed the Amended Complaint pursuant to Section 1915(e)(2)(B)(ii), and granted Plaintiff leave to amend. (ECF Nos. 7, 10.)

On December 10, 2015, Plaintiff filed her Second Amended Complaint, and ten days later the United States Marshals Service effectuated service on Defendant. (ECF Nos. 11, 13.) Plaintiff subsequently requested that the Clerk of the Court enter default and default judgment against Defendant for failing to plead or otherwise defend the action pursuant to Federal Rule of Civil

---

[1] Defendant moved to dismiss in lieu of an answer for failure to state a claim upon which relief may be granted. (ECF No. 21-2.) The Court notes that the outcome here, for the stated reasons in the Memorandum Opinion, would be the same under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Procedure 55(a). (ECF No. 14.) The Clerk of the Court entered default on the same date. On May 25, 2016, Defendant filed a motion to vacate entry of default. (ECF No. 18.) Plaintiff did not file opposition. On October 25, 2016, the Court denied Plaintiff's motion for default judgment and granted Defendant's motion to vacate the entry of default. (Oct. 25, 2016 Mem. Op., ECF No. 19.) With leave from the Court, Defendant filed a motion to dismiss in lieu of an answer for failure to state a claim upon which relief may be granted (ECF No. 21-2) and Plaintiff filed opposition (ECF No. 24).

## II. Discussion

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Rule 8 requires sufficient allegations to place defendants on notice of the claims against them so that they may have the opportunity to adequately respond. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Court finds that Plaintiff's Second Amended Complaint fails to put Defendant on notice of the facts that give rise to hiring discrimination on the basis of race. In what the Court deems as an attempt to create a valid or cognizable claim and to cure the deficiencies in the Amended Complaint identified[2] in the Court's December 1, 2015 Memorandum Order, Plaintiff's Second Amended Complaint alleges that she has "14 years" of work experience and has "[a] lot of experience with buffet[s]." (2d Am. Compl. 1.) Plaintiff further alleges that while dining at a

---

[2] The Court's December 1, 2015 Memorandum Order identified the deficiencies in Plaintiff's Amended Complaint. The Court stated, "[f]or example, the Amended Complaint does not allege that Defendant had an open employment position at the time that Plaintiff allegedly applied for employment nor does it describe the type of employment Plaintiff allegedly sought or Plaintiff's qualifications for such employment." (Dec. 1, 2015 Mem. Order, ECF No. 10.)

3

Harvest Buffet location, she approached Defendant's representative on several occasions in an attempt to apply for a position as a server. (*Id.*) Plaintiff alleges that in response to her inquiries, Defendant's representative took her telephone number and stated that he would contact her if Defendant was hiring. (*Id.*) Plaintiff alleges that Defendant failed to contact her because she is not Asian. (*Id.*)

Plaintiff's Second Amended Complaint suffers from similar deficiencies and repeats similar allegations to those contained in her original and Amended Complaints, which the Court determined to be insufficient to state a claim for relief. For example, the Second Amended Complaint alleges that she applied "several times to work as a server" but then alleges that Plaintiff never actually completed and submitted an employment application. (*Id.*) Furthermore, similar to Plaintiff's other deficient complaints, the Second Amended Complaint does not allege that Defendant had an open employment position at the time that Plaintiff alleges she inquired about working at the establishment. Thus, the Court cannot discern a valid or cognizable claim against Defendant. Even with the additional factual allegations included in the Second Amended Complaint, Plaintiff fails to show "more than a sheer possibility that a defendant . . . acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court may deny a plaintiff an opportunity to amend her pleading "based on bad faith or dilatory motives, . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Leave to amend a pleading may otherwise be denied if the Court finds undue delay, bad faith on the part of the movant, undue prejudice to the non-moving party, or futility. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The Court has afforded Plaintiff several opportunities to plead a cognizable claim against Defendant, and finds that there is no basis for the Court to believe that Plaintiff is

4

able to assert plausible factual allegations that state a claim for which relief may be granted. To that end, the Court finds that further amendment would be futile and declines to grant Plaintiff leave to amend her Second Amended Complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002) (noting that a plaintiff whose complaint fails to state a cause of action is entitled to amend her complaint unless doing so would be inequitable or futile).

### III. Conclusion

For the reasons set forth above, all claims in the Second Amended Complaint are dismissed with prejudice. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Date:** May 15th, 2017